## Wolf v. Montefiore Cemetery Co.

*Joseph Blank*, for plaintiff.

*Raymond A. White, Jr.*, for defendant.

LEWIS, J., March 12, 1940.—We are overruling defendant's motion for judgment n. o. v. and discharging the rule for a new trial, for the following reasons:

We conclude that the trial judge did not err in defining the duties and obligations of defendant cemetery company with relation to the original installation and subsequent maintenance of monuments erected within the grounds of the cemetery conducted by defendant; that there was sufficient competent evidence from which the jury could find that defendant failed in its obligations to plaintiff as a visitor to the grounds, and that plaintiff was not guilty of contributory negligence as a matter of law.

At the trial, defendant's counsel agreed of record that defendant holds title in fee simple to all the land in the cemetery. Also, in the first paragraph of its amended affidavit of defense, defendant admitted that it "owned, supervised and controlled the cemetery known as Montefiore Cemetery." This was likewise conceded at the trial. It was further admitted that the portion of the grounds upon which plaintiff was injured was within the boundaries of defendant's cemetery. The burden, therefore, shifted to defendant to show that despite "ownership, supervision and control", it was not responsible for structures erected and maintained therein. The copy of the so-called deed to the Congregation Kesher Israel that was offered in evidence showed only that the congregation was granted the "exclusive right of interment" in the several burial lots recited. Nothing was said in the deed as to who should have the responsibility for the upkeep or maintenance of these lots, or of monuments erected thereon. There is a "Together with" clause covering all "ways, avenues", etc., but that is of no aid to us in connection with the question of maintenance. The subsequently appearing language also limited the congregation's rights in the lots to the purpose of sepulture only, and further limited even the sepulture rights to those of the Jewish faith, "and to and for no other intent, use or purpose whatsoever". There follows in the "deed" a sentence making the conveyance subject to all the conditions and restrictions contained in the cemetery

company charter, and to all the rules, regulations, conditions, and restrictions of the company, and to any bylaws of the company existing or to be adopted.

From this evidence it did not sufficiently appear that the congregation was granted or assumed exclusive, or joint, or any control over the maintenance of the surface of the lots. We think that as the cemetery was owned and operated by defendant company and was apparently maintained by it, the case was properly left to the jury as to the responsibility of defendant for conditions upon that part of the grounds involved in this case. Where a cemetery is operated under the plan followed by this defendant corporation, there can well be a dual responsibility to the public or to invitees; both the lotholder and the managing corporation can be held culpable where monuments or paths are permitted to become dangerous through neglect of reasonable care.

As to contributory negligence, defendant argues that if a dangerous condition of the monument existed, it was no more apparent to or discoverable by defendant company's servants than to or by plaintiff, whose movements about the grounds were entirely in the daylight hours. Our conclusion is that plaintiff's duty of observation as he moved about was not the same in character as the responsibility of defendant for periodic and reasonably thorough inspection, since it is to be assumed that by reason of experience in their employment defendant's employes would have greater knowledge of the sources of weakness and danger, more accurate information as to where to look for and how to discover such weakness or danger, and the duty of more thorough test or observation. Hence, the mere fact that the dangerous condition was not observed by plaintiff does not, as a matter of law, disprove want of reasonable care on the part of defendant company, nor convict plaintiff of negligence.

Motion for judgment n. o. v. overruled, and rule for new trial discharged.